ROSE et al. v. NEW YORK TELEPHONE CO.   (No. 7073.)

(Supreme Court, Appellate Division, First Department. April 16, 1915.)

TELEGRAPHS AND TELEPHONES ⬥45—OPERATION—DISCRIMINATION—STATUTE.

Transportation Corporations Law (Laws 1909, c. 219 [Consol. Laws, c. 63]) § 103, requiring a telephone company to receive dispatches from and for individuals and to transmit them with impartiality and in good faith under a penalty, is to be strictly construed as a penal statute, and does not apply to a refusal to furnish services to a subscriber with whom the company has contractual relation; and hence a subscriber whose payment, through mistake, had not been credited, and whose service was

discontinued for eleven days after he had shown payment, could not recover the penalty, but his remedy was only for breach of contract.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 16, 20½; Dec. Dig. ☞45.]

Appeal from Appellate Term, First Department.

Action by Fanny Rose and another against the New York Telephone Company. From a determination of the Appellate Term (147 N. Y. Supp. 1021) affirming a judgment of the Municipal Court, defendant appeals. Determination reversed, judgment of the Municipal Court reversed, and judgment directed in favor of defendant.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Arnold W. Sherman, of New York City, for appellant.

George A. Stearns, of New York City, for respondents.

DOWLING, J. The plaintiffs have recovered judgment for a penalty of $100 under section 103 of the Transportation Corporations Law (chapter 219, Laws 1909 [Consol. Laws, c. 63]), reading as follows:

"Every such corporation shall receive dispatches from and for other telegraph or telephone lines or corporation, and from and for any individual, and on payment of the usual charges by individuals for transmitting dispatches as established by the rules and regulations of such corporation, transmit the same with impartiality and good faith and in the order in which they are received, and if it neglects or refuses so to do, it shall pay $100 for every such refusal or neglect to the person or persons sending or desiring to send any such dispatch and entitled to have the same so transmitted, but arrangements may be made with the proprietors or publishers of newspapers for the transmission for publication of intelligence of general and public interest out of its regular order."

Plaintiffs were subscribers to the defendant's telephone service in the city of New York under a written contract, their telephone number being 1830 Stuyvesant, and the service being furnished to their place of business, 20 East Ninth street, in said city. On August 25, 1913, their telephone service was disconnected, and the defendant's central office, where they endeavored to obtain restoration of their service, informed them through its manager that their telephone had been discontinued because of their failure to pay the monthly charge of $4 for the month of July. The plaintiffs advised the manager that they had paid both their July and August bills, but were again informed that they had not paid the July bill, and that the manager would not believe it had been paid until he saw the check. As a matter of fact, the plaintiffs had duly paid their July bill on July 10th, by a check mailed to the proper office of the defendant, and had also duly paid their August bill, at the same office, so that they were not indebted to the defendant in any sum whatever when their service was discontinued. Plaintiffs obtained the canceled check from their bank, and one of them went with it to the defendant's office in Twenty-Sixth street, New York City, and showed it to the defendant's manager on August 27th, whereupon the latter told plaintiff that everything would be all right; to take back the check and it would be all fixed up. Despite this assur-

ance, plaintiffs were refused telephone service on August 28th, and again on the 29th, and, finally, one of them again called at the same office of defendant on September 2d, and exhibited anew their check in payment of the July bill indorsed by defendant, as well as their other check for the August payment similarly indorsed. After numerous demands that their service be resumed, plaintiffs were finally furnished with telephone service on September 5th.

Defendant claims that the failure to furnish plaintiff with service was due to negligence upon the part of its representatives, and that as their negligence, no matter how gross, could not amount to bad faith, the plaintiffs were not entitled to recover the penalty. Without passing upon the question of whether the defendant's repeated refusals to grant the plaintiffs their service in the face of repeated proofs that nothing was due from them might not be so persistent, unreasonable, and long-continued as in itself to be evidence of bad faith, I think that this action must fail because the statute has no application to the state of facts here disclosed. The statute is a penal one and must be strictly construed. Examining its language, I find nothing which applies to a refusal to furnish service to a subscriber with whom the telephone company has a contractual relationship. The statute would appear from its terms to be designed to prevent discrimination by a telephone or telegraph company between persons seeking its service. One sustaining contractual relationship with a telephone company, however, has his remedy for whatever damage he may sustain through the improper acts of the company in an action for breach of the contract between them. It is to such an action, it seems to me, that the plaintiffs herein must be relegated, since they had such a contract with the defendant. It seems clear that this penal statute is not intended to cover, and does not cover, the case of a breach of a contractual relationship.

The determination of the Appellate Term will therefore be reversed, with costs in this court and in the Appellate Term, the judgment of the Municipal Court reversed, and judgment directed in favor of defendant with costs. Order filed. All concur.